37 F.3d 1497
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Satish R. SHAH, Defendant-Appellant.
 No. 93-5397.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 28, 1994.
Decided: Oct. 19, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CR-92-255-HAR)
 John David Ash, Baltimore, MD, for Appellant. Lynne A. Battaglia, United States Attorney, Christopher B. Mead, Assistant United States Attorney, Raymond A. Bonner, Assistant United States Attorney, Baltimore, MD, for Appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Satish R. Shah appeals from his convictions for conspiring to commit an offense against the United States and making a false statement to a federal agency, in violation of 18 U.S.C. Secs. 371, 1001, 1002 (1988), respectively. We affirm.
 
 
 2
 Shah first contends that the evidence was insufficient to show that he voluntarily entered the conspiracy. He contends that his acts were performed at the unquestioned direction of his supervisors and, thus, that he did not knowingly enter the conspiracy. Circumstantial evidence and direct evidence are both considered in determining the sufficiency of the government's proof, United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1987). And circumstantial evidence alone may be sufficient, even if it does not exclude all possible hypotheses of innocence. United States v. Jackson, 863 F.2d 1168 (4th Cir.1989). Shah's first claim fails because the evidence showed that Shah went beyond his supervisors' directions in attempting to perfect a deception that was intended to deceive the government, the recipient of the falsified documents. A reasonable inference of Shah's intent to join the conspiracy was thus put before the jury. Therefore, we find a rational jury would find guilt beyond a reasonable doubt. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993).
 
 
 3
 Shah next claims that the district court improperly limited cross-examination of an FDA investigator. Shah desired to enter evidence that he voluntarily came forth with the evidence that led to this and other prosecutions and that the FDA "appreciated" his help. While these contentions might have been true, they were wholly irrelevant to Shah's guilt. Because they were irrelevant, they were properly excluded. Fed.R.Evid. 402. Further, the substance of this evidence was already before the jury. Even had the district court erred in its limitation of the cross-examination, its error would have been harmless. Fed.R.Crim.P. 52(a). Thus, Shah's claim is unsuccessful.
 
 
 4
 Because we find no error below, we affirm Shah's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.